# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BOBBY LEE ROBERTSON**                                                         **PLAINTIFF**
**ADC #121746**

V.                     **NO. 4:23-cv-01026-JM-ERE**

**QUINTON MIXON,** *et al.*                                           **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**  **Background:**

*Pro se* plaintiff Bobby Lee Robertson, an Arkansas Division of Correction ("ADC") inmate housed at the Cummins Unit, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc.1*. He sues Captain Quinton Mixon, Major Jimmy Coleman, and Warden Mussellwhite in both their individual and official capacity seeking

declaratory and monetary relief.[1] Mr. Robertson alleges that Defendants have retaliated against him for his use of the ADC inmate grievance procedure.

For the reasons explained below, Mr. Robertson's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

### III.  Discussion:

####  A.  Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Robertson has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic*

---

[1] In his request for relief, Mr. Robertson requests that the Court declare that: (1) Defendant Mixon violated his First Amendment rights; and (2) Defendant Coleman's failure to take action against Defendant Mixon violated his Eighth Amendment rights. *Doc. 1 at 10*. However, "a declaration of past liability . . . instead of future rights . . . renders declaratory relief unavailable." *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019). Rather, "declaratory relief is limited to prospective declaratory relief." *Id*.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.     Mr. Robertson's Complaint

Mr. Robertson's complaint alleges that, on March 31, 2023, Defendant Mixon wrongfully opened mail from the "James Law Firm" outside of his presence and tested the mail to determine whether it was contaminated or contained contraband.[2] *Doc. 1 at 7*. The same day, Mr. Robertson filed a grievance against Defendant Mixon based on this incident. *Id*. Several days later, Mr. Robertson alleges that Defendant Mixon issued him a false disciplinary in retaliation for his use of the grievance procedure. *Id*.

On April 5, 2023, Mr. Robertson sent Defendants Coleman and Musellwhite a request for an interview asking that they: (1) dismiss Defendant Mixon's alleged

---

[2] An inmate's privileged mail—mail to or from an inmate's attorney—may not be opened for inspection outside the presence of the inmate. *Wolff v. McDonnell*, 418 U.S. 539, 574, 576-77 (1974). See also *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). However, "the mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment." *Harrod v. Halford*, 773 F.2d 234, 236 (8th Cir. 1985). Even if the Court determined that the mail at issue was constitutionally protected, Mr. Robertson's allegation that Defendant Mixon opened legal mail on one occasion does not support a constitutional claim for relief. See *Gardner v. Howard*, 109 F.3d 427, 430-41 (8th Cir. 1997) (an "isolated incident, without any evidence of improper motive or resulting interference with [the inmates] right to counsel or access to the courts, does not give rise to a constitutional violation.").

3

retaliatory disciplinary charge against him; and (2) punish Defendant Mixon. *Id. at 8*.

On an unknown date, ADC officials dismissed the disciplinary charge at issue. *Id. at 30*.

Mr. Robertson also alleges that Defendants Mixon and Coleman were aware of Defendant Mixon's misconduct but failed to take any action. *Doc. 2 at 9*.

### C. Official Capacity Claims

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). As a result, Mr. Robertson's claims for money damages from Defendants in their official capacities are barred by sovereign immunity.

### D. Retaliation Claim – Defendant Mixon

To state a retaliation claim, Mr. Robertson must allege that: (1) he engaged in constitutionally protected activity; (2) Defendant Mixon took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009

WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [grievances] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Robertson's complaint alleges that Defendant Mixon retaliated against him for filing a grievance against Defendant Mixon. However, Mr. Robertson does not allege any facts to support his conclusory assertion that Defendant Mixon was motivated by unlawful retaliation.

Mr. Robertson's conclusory, speculative assertions that a causal connection exists between him exercising his right to file a grievance and Defendant Mixon's alleged retaliatory conduct are insufficient to state a plausible constitutional claim for relief. See *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir.1996) (per curiam) (speculative and conclusory allegations cannot support retaliation claim); *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual

enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### E.  Supervisor Liability

Mr. Robertson appears to seek to hold Defendants Coleman and Mussellwhite liable based on their supervisory positions at the ADC. However, a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). Mr. Robertson's complaint fails to allege that either Defendant Coleman or Mussellwhite personally participated in any alleged unconstitutional conduct or had direct responsibility for any alleged constitutional violation. Accordingly, Mr. Robertson has failed to state a constitutional claim for relief against Defendants Coleman and Mussellwhite.

In addition, because Mr. Robertson has failed to state a plausible retaliation claim against Defendant Mixon, his claim against Defendants Coleman and Mussellwhite liable based on their failure to take any corrective action against Defendant Mixon fails as a matter of law. Stated differently, there can be no corrective inaction claim when there is no underlying constitutional violation. See *Marsh v. Phelps Cty.*, 902 F.3d 745, 754-57 (8th Cir. 2018); *Sims v. Lay*, Case No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007) (unpublished decision)

IV.  **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Robertson's complaint be DISMISSED, without prejudice.

2. The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk is instructed to close this case.

Dated 4 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE