IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BOBBY LEE ROBERTSON                                                PLAINTIFF
ADC #121746

V.                        NO. 4:23-cv-01026-JM-ERE

QUINTON MIXON, *et al.*                                           DEFENDANTS

## ORDER

*Pro se* plaintiff Bobby Lee Robertson, an Arkansas Division of Correction inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Because Mr. Robertson's original complaint failed to state a plausible claim for relief against the named Defendants, I recommended that Mr. Robertson's complaint be dismissed. *Doc. 5*. After I issued my Recommendation, Mr. Robertson moved to amend his complaint and objected to my Recommendation. *Docs. 8, 9*. In light of Mr. Robertson's motion to amend, the Honorable James M. Moody Jr. declined to adopt my Recommendation and referred this matter back to me. *Doc. 10*.

In his motion to amend his complaint, Mr. Robertson alleges that: (1) in April 2023, Captain Quinton Mixon filed a disciplinary against him in retaliation for his use of the grievance procedure; (2) in October 2023, Lieutenant Bass violated his due process rights by holding him in pre-lock up before investigating allegedly false accusations made by Corporal Crystal Jackson; (3) the conditions of his confinement in his pre-lock up cell were unconstitutional; (4) in October 2023, Captain Mixon

retaliated against him by placing him in a restrictive-housing cell with a violent inmate; (5) Disciplinary Officer Russ and Disciplinary Officer Keith Waddle violated his due process rights by denying him access to video footage of the alleged October 2023 incident during his disciplinary hearing; and (6) he notified Warden Mussellwhite, Deputy Warden Pierce, Deputy Warden Young, Major Jimmy Coleman, and Director Payne about these alleged due process violations, but they failed to investigate the matter. Mr. Robertson seeks declaratory, injunctive, and monetary relief from Defendants Bass, Coleman, Musselwhite, Mixon, Young, Waddle, Pierce, and Russ. However, Mr. Robertson fails to state in what capacity he is suing Defendants.

The Court previously granted Mr. Robertson's motion to amend his complaint and instructed the Clerk to file Mr. Robertson's motion as his amended complaint. *Doc. 11*.

On January 29, 2024, Mr. Robertson filed an Amended Complaint. *Doc. 12*. As stated, Mr. Robertson's amended complaint fails to state a constitutional claim for relief against any Defendant. However, rather than recommend dismissal of those claims, the Court will delay the screening process[1] to give Mr. Robertson an

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a

opportunity to file a second amended complaint clarifying his constitutional claims and correcting the problems discussed below.

1. **Problems With Original Complaint:**

A. **Capacity - Sovereign Immunity**

Mr. Robertson's amended complaint fails to state in what capacity he sues Defendants. When a complaint is silent in this regard, the Court must construe Mr. Robertson's complaint as seeking relief against Defendants in their official capacity only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Robertson's claims for money damages from any Defendant in his or her official capacity are barred by sovereign immunity.

To recover money damages from any Defendant, Mr. Robertson's second amended complaint, if filed, must make clear that he is suing that Defendant in his individual capacity.[2]

---

defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] Along with this Order, the Clerk is sending Mr. Robertson a blank 42 U.S.C. § 1983 complaint form. The form, on page five, specifically asks if defendants are being sued in their personal or official capacity, or both. Mr. Robertson should use this form if he files an amended complaint.

### B.     Retaliation

As the Court previously explained, to state a retaliation claim, Mr. Robertson must allege that: (1) he engaged in constitutionally protected activity; (2) Defendant Mixon took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [grievances] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Robertson's amended complaint alleges that Defendant Mixon retaliated against him for filing a grievance against Defendant Mixon. However, Mr.

4

Robertson again does not allege any facts to support his conclusory assertion that Defendant Mixon was motivated by unlawful retaliation.

Mr. Robertson's conclusory, speculative assertions that a causal connection exists between him exercising his right to file a grievance and Defendant Mixon's alleged retaliatory conduct are insufficient to state a plausible constitutional claim for relief. See *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir.1996) (per curiam) (speculative and conclusory allegations cannot support retaliation claim); *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**C.    Due Process**

To state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Robertson's due process claim must be based on the denial of a liberty interest. Absent a constitutionally protected liberty interest, Mr. Robertson has no cognizable claim for relief under § 1983.

In his amended complaint, Mr. Robertson fails to state what punishment he received as a result of the disciplinary conviction at issue. Accordingly, the Court cannot determine whether he was entitled to any due process protection. If Mr. Robertson seeks to proceed on this claim, in his second amended complaint, he must explain what punishment he received as a result of the disciplinary convictions at issue.

### D.   Conditions of Confinement – Personal Liability

Mr. Robertson's amended complaint alleges that the conditions of his holding cell were unconstitutional.

To move forward on an inhumane conditions of confinement claim, Mr. Robertson must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted). Mr. Robertson's current complaint fails to allege facts to support both objective and subjective elements of this claim.

In addition, in his amended complaint, Mr. Robertson fails to identify and name as a Defendant those individuals who were responsible or aware of the alleged unconstitutional conditions of his confinement in his holding cell. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Robertson has failed to state a claim regarding the unconstitutional conditions of his confinement.

### E.   Failure to Investigate

Mr. Robertson's amended complaint alleges that Defendants Mussellwhite, Mixon, Young, Waddle, and Russ failed to investigate Defendants' alleged due process violations. However, Mr. Robertson does not have a statutory or constitutional right to an internal investigation of the Defendants' alleged wrongdoing. See, e.g. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) ("[Plaintiff] does not cite, nor have we found, any federal or state court decision, statute, regulation or other source of law that gives [her] an entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."); see also *Hendrickson v. Schuster*, 2018 WL 1597711, at *12 (W.D. Ark. Apr. 2, 2018) (finding no constitutional claim based on prisoner's allegation that county failed to adequately investigate his sexual assault complaint); *Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure

to investigate the plaintiff's allegations of being held hostage, beaten, and raped by other inmates, combined with a failure to properly collect evidence and comply with PREA's requirements, were insufficient to state any constitutional violations); *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a §1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

### F. Unrelated Claims

Finally, in his amended complaint, Mr. Robertson complains about alleged unconstitutional claims arising from both April 2023 and October 2023. Mr. Robertson may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). In other words, Mr. Robertson may not pursue in one lawsuit claims involving different defendants and different events. Instead, Mr. Robertson must choose which related claims he wishes to pursue in this case.

### 2. <u>Guidelines for Filing Amended Complaint</u>:

Mr. Robertson has thirty days to file a second amended complaint. If Mr. Robertson files an amended complaint, he should specifically: (1) only included

related claims; (2) identify and name as Defendants those individuals who *personally* violated his constitutional rights; (3) state what capacity he is suing each Defendant (individual, official, or both); and (4) explain the injury he suffered as a result of each Defendant's unconstitutional conduct.

Mr. Robertson's second amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Robertson should make sure that his second amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Mr. Robertson should not rely upon, or incorporate by reference, any allegations made in the original or amended complaints. In other words, Mr. Robertson's second amended complaint, if filed, will stand alone.

Finally, in his second amended complaint, Mr. Robertson need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

3.  **Conclusion:**

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.	Mr. Robertson may file a second amended complaint within thirty (30) days of the entry of this Order.

2.	If Mr. Robertson fails to file a second amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of his individual capacity claims.

3.	The Clerk is instructed to provide Mr. Robertson a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order. Mr. Robertson should use this form if he files a second amended complaint.

So Ordered 5 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE