IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BOBBY LEE ROBERTSON                                                                    PLAINTIFF
ADC #121746

V.                              NO. 4:23-cv-01026-JM-ERE

QUINTON MIXON, *et al*.                                                            DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Summary**

This Recommendation screens Mr. Robertson's second amended complaint, filed on February 12, 2024 (*Doc. 15*) and recommends dismissal for failure to state a plausible constitutional claim.

### III.  <u>Background</u>

On October 25, 2023, *pro se* plaintiff Bobby Lee Robertson, an Arkansas Division of Correction inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Because Mr. Robertson's original complaint failed to state a plausible claim for relief against the named Defendants, I recommended that the pleading be dismissed. *Doc. 5*. Mr. Robertson then moved to amend his complaint and objected to my Recommendation. *Docs. 8, 9*. In light of Mr. Robertson's motion to amend, Judge Moody declined to adopt my Recommendation and referred this matter back to me. *Doc. 10*.

On January 29, 2024, I granted Mr. Robertson's motion to amend and directed that his motion be filed as his amended complaint. *Docs. 11, 12*.

On February 5, 2024, I entered an Order explaining in detail the problems with Mr. Robertson's amended complaint. However, rather than formally screen the pleading and recommend dismissal, I gave Mr. Robertson an opportunity to file a second amended complaint. *Doc. 14*.

On February 12, 2024, Mr. Robertson filed a second amended complaint. *Doc. 15*. Mr. Robertson's second amended complaint alleges that: (1) in April 2023, Defendant Mixon "filed a retaliatory disciplinary" against him for filing a grievance (*Id. at 6*); (2) in October 2023, Defendant Jackson falsely accused him of engaging in a sexual act; (3) after the October 2023 disciplinary charge, Defendant Bass

2

violated his Eighth Amendment rights by placing him in an unsanitary holding cell; (4) Defendant Mixon verbally threatened him; (5) Defendants Waddle and Russ violated his due process rights by finding him guilty of the October 2023 disciplinary without reviewing video evidence or allowing him to present witness testimony; (5) Defendants Mussellwhite, Pierce, Coleman, and Payne failed to adequately investigate the appeal of the October 2023 disciplinary conviction in retaliation for Mr. Robertson exercising his First Amendment right to file lawsuits against them; (6) in October 2023, Defendant Mixon violated ADC policy and retaliated against him by placing him in a cell with an inmate who was on suicide watch; and (7) a few days later, Defendant Mixon moved him to isolation in retaliation for Mr. Robertson filing grievances for other inmates.[1] He sues all Defendants in their individual and official capacities seeking declaratory, injunctive, and monetary relief.[2]

---

[1] Mr. Robertson generally complains about the ADC's practice of charging other inmates with indecent exposure. *Doc. 15 at 11-13*. Because Mr. Robertson may not assert claims on behalf of other inmates, it is unnecessary to address these factual allegations further. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[2] Mr. Robertson's request for relief seeks a declaration that Defendants violated his constitutional rights. *Doc. 15 at 15-16*. However, "[a] declaratory judgment is meant to define legal rights and obligations of the parties in anticipation of some *future conduct*, not simply to proclaim liability for a past act." *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019).

## IV. Discussion

### A. Screening

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Robertson has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

4

### B. Capacity - Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Robertson's claims for money damages from any Defendant in his or her official capacity are barred by sovereign immunity.

### C. Retaliation

To state a retaliation claim, Mr. Robertson must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [grievances] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation

omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Robertson's current complaint alleges that: (1) in April 2023, Defendant Mixon "filed a retaliatory disciplinary against [him] for [] filing several grievances on his co-worker" (*Doc. 15 at 6*); (2) after Mr. Robertson wrote Defendants Musselwhite, Pierce, and Coleman "reports, letters on [Defendant Mixon], he took adverse actions out of ill will by filing a disciplinary against me which was later dismissed" (*Id.*); (3) in October 2023, Defendant Mixon moved Mr. Robertson to isolation "[d]ue to [him] filing grievances for other prisoners" (*Id. at 7*); (4) Defendant Payne upheld Mr. Robertson's October 2023 disciplinary conviction in retaliation for Mr. Robertson filing other lawsuits against Defendant Payne (*Id. at 8*); and (5) Defendant Musselwhite, Pierce, and Coleman failed to investigate the retaliatory conduct of their subordinates in retaliation for past grievances filed against them (*Id. at 14*). Again, Mr. Robertson does not allege any facts to support his conclusory assertions that multiple Defendants were motivated by unlawful retaliation.

Mr. Robertson's conclusory, speculative assertions that a causal connection exists between his filing a grievance or lawsuit and each Defendant's alleged retaliatory conduct fails to state a plausible constitutional claim for relief. See

*Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (speculative and conclusory allegations cannot support retaliation claim); *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In addition, as evidenced by Mr. Robertson's consistent use of the ADC's inmate grievance procedure, as well as the filing of the instant lawsuit, Mr. Robertson cannot claim that any Defendant's alleged retaliatory conduct hindered him from continuing to exercise his First Amendment rights to file either future grievances or lawsuits.

### D. Verbal Harassment – Defendant Mixon

Mr. Robertson alleges that, in October 2023, he told other ADC inmates and officers that he planned to file a grievance about Defendant Mixon locking him outside of the building while it was raining. *Doc. 15 at 6*. According to Mr. Robertson, Defendant Mixon heard this statement and told Mr. Robertson "You file your paperwork and I will file mine and let's see whose will stick." *Id. at 6*. Verbal threats alone, however, will not support a constitutional claim. See, e.g., *Martin v.*

7

*Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats do not constitute a constitutional violation.").

### D. False Disciplinary – Defendant Jackson

Defendant Jackson allegedly falsely accused Mr. Robertson of engaging in a sexual act. The issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir.1986)). Although filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, a retaliatory discipline claim fails, as a matter of law, if there was "'some evidence' that the inmate actually committed a rule violation." *Moore v. Plaster*, 266 F.3d 928, 931 (8th Cir. 2001); see also *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (holding that a finding that a disciplinary was based on some evidence "essentially checkmates" a retaliation claim); and *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993) (same). Here, ADC officials convicted Mr. Robertson of the disciplinary at issue. Based on the papers attached to Mr. Robertson's second amended complaint, the disciplinary conviction at issue was based on "some evidence" and upheld on appeal. *Doc. 15 at 58*. As a result, Mr. Robertson's false disciplinary claim against Defendant Jackson is not plausible.

8

E. **Conditions of Confinement**

After Defendant Jackson charged Mr. Robertson with the alleged false disciplinary, Defendant Bass moved him to a holding cell that: (1) had "puddles of urin[e] of the floor, no rack, no toilet, [and] no running water"; and (2) "smelled of strong urin[e] and human feces." *Doc. 15 at 7*. Mr. Robertson complains that he was "made to eat all meals with unclean hands and given a bathroom break every 5 or 6 hours out of evil intent." *Id*.

To move forward on an inhumane conditions of confinement claim, Mr. Robertson must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

While Mr. Robertson's conditions may have been unpleasant, according to his own allegations, he was moved to a different cell the following day. *Doc. 15 at 7*. The Eighth Circuit has held that exposure to unsanitary conditions for a limited

duration does not rise to the level of a constitutional violation. *Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996) (holding that unsanitary conditions of confinement may "be tolerable for a few days and intolerably cruel for weeks or months").

For example, in *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996), the Court held there was no constitutional violation when a detainee was exposed to "raw sewage" from an overflowing toilet for four days. In addition, in *Goldman v. Forbus*, 17 Fed.Appx. 487, 489 (8th Cir. 2001) (unpublished opinion), the Court held there was no constitutional violation when a detainee was "sprinkled with urine" for six days while sleeping on the floor near a toilet.

Based on the limited amount of time that Mr. Robertson was allegedly exposed to unsanitary conditions, he has failed to allege facts to show that he was even arguably denied life's minimal necessities. In addition, he fails to allege any facts to support his conclusory allegation that Defendant Bass acted with deliberate indifference by placing him in the holding cell at issue. Accordingly, Mr. Robertson has failed to state a constitutional claim for relief regarding the unconstitutional conditions of his confinement.

F. **Due Process**

To state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action."

See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Robertson's due process claim must be based on the denial of a liberty interest. Absent a constitutionally protected liberty interest, Mr. Robertson has no cognizable claim for relief under § 1983.

Mr. Robertson complains that, in October 2023, Defendant Russ served him a disciplinary written by Defendant Jackson charging him with "engaging in sexual activity". *Doc. 15 at 8*. At the disciplinary hearing, Defendant Russ denied Mr. Robertson the ability to present video evidence or witness testimony, and Defendant Waddle convicted him of the disciplinary charge. As a result of the disciplinary conviction: (1) Mr. Robertson was assigned to punitive isolation for 30 days; (2) his telephone, commissary, and visitation privileges were restricted for 60 days; (3) he lost good time credits; and (4) his class status was lowered.

Because the punishment Mr. Robertson received is not severe enough to trigger a liberty interest, his due process claim is not plausible. See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation

is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); *Hamilton v. Brownlee*, 237 F. App'x 114 (8th Cir. 2007) (Arkansas inmates do not have a liberty interest in the possibility of parole or probation); *McKinnon v. Norris*, 366 Ark. 404 (2006) (the Supreme Court of Arkansas has found that there is no liberty interest in the accumulation or loss of good-time credits under Arkansas law).[3]

### G.     Failure to Investigate

Mr. Robertson alleges that: (1) in April 2023, Defendant Mixon failed to investigate his report that an unidentified ADC officer called him a "snitch" in front of other "persons" (*Doc. 15 at 6*); and (2) Defendants Mussellwhite, Pierce, Coleman, and Payne failed to investigate the due process violations committed by Defendants Waddle and Russ (*Id. at 8*). However, Mr. Robertson does not have a statutory or constitutional right to an internal investigation of alleged wrongdoing. See, e.g. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) ("[Plaintiff] does not cite, nor have we found, any federal or state court decision, statute, regulation or other source of law that gives [her] an entitlement to an internal investigation by the

---

[3] To the extent that Mr. Robertson seeks restoration of good time credits that would entitle him to a speedier release, his sole federal court remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Sheriff's Office of her complaints of police brutality."); see also *Hendrickson v. Schuster*, 2018 WL 1597711, at *12 (W.D. Ark. Apr. 2, 2018) (finding no constitutional claim based on prisoner's allegation that county failed to adequately investigate his sexual assault complaint); *Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure to investigate the plaintiff's allegations of being held hostage, beaten, and raped by other inmates, combined with a failure to properly collect evidence and comply with PREA's requirements, were insufficient to state any constitutional violations); *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a §1983 claim must be based upon an alleged violation of a federal constitutional or statutory right). Accordingly, this claim is not plausible and should be dismissed.

H. **Violation of ADC Policy**

Mr. Robertson alleges that Defendant Mixon violated ADC policy when he placed him in a cell with a violent inmate who was on suicide watch. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). This claim, as alleged, is not plausible.

**I.     Defendant Young**

In Mr. Robertson's second amended complaint, he specifically scratches out Deputy Warden Young's name when listing party Defendants. *Doc. 15 at 10*. Accordingly, Mr. Robertson has abandoned his claims against Defendant Young. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect); *Doc. 14 at 9*.

**IV.    Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.     Mr. Robertson's claims be DISMISSED, without prejudice.

2.     The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3.     The Clerk be instructed to close this case.

Dated 22 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE